UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, | ) |
| Plaintiff, | ) |
| v. | ) CV620-100 |
| U.S. GOVERNMENT, *et al.*, | ) |
| Defendants. | ) |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at Georgia State Prison, has submitted a verbose but nearly impossible to parse complaint alleging multiple challenges to the conditions of his confinement. Doc. 1. He has also filed a motion seeking to amend his complaint to add additional claims. Doc. 15. As plaintiff is permitted by rule to amend his pleadings once as a matter of course, this motion might be granted, Fed. R. Civ. P. 15(a), but, given that he has three strikes under the PLRA, any such amendment is moot. Nevertheless, the Court has considered the proposed amendments below, to evaluate whether they might implicate an exception to the three-strikes rule.

Plaintiff has not remitted the required filing fee, but instead has filed a motion directing the Court to withdraw funds from a Georgia Department of Revenue unclaimed property account. Doc. 2. The Court is not entirely sure what to make of such a request, as it cannot simply "take" funds on a party's behalf from a private account. The Court suspects that plaintiff is seeking to substitute the unclaimed property account for his prisoner trust account, which would be garnished under the Prisoner Litigation Reform Act were he permitted to proceed *in forma pauperis* (IFP). 28 U.S.C. § 1915(b). As such, the Court will construe the filing as a motion to proceed IFP.[1] *See Retic v. United States*, 215 Fed. App'x 962, 964 (11th Cir. 2007) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." (quoting *Castro v. United States*, 540 U.S. 375, 381 (2003)); *Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 694 (11th Cir. 2013) (The Court may "recharacterize a pro se litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis."). As

---

[1] If plaintiff objects to this interpretation, he may provide notice and remit the necessary filing fee within 14 days of this Order,

plaintiff has on at least three prior instances filed meritless actions while proceeding IFP, the motion should be **DENIED** and claim **DISMISSED**.

Under the Prison Litigation Reform Act (PLRA), an indigent prisoner is barred from proceeding IPF after filing three meritless actions. 28 U.S.C. § 1915(g).  The provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has a litigious history before multiple federal courts and, in fact, is the subject of filing restrictions in the Middle District of Georgia for repeated frivolous filings.  *See Cobble v. United States Gov't*, 816 Fed. App'x. 355, 360 (11th Cir. 2020) (upholding filing restrictions).  It appears that plaintiff has previously attempted to circumvent this restriction and/or § 1915(g)'s bar by filing complaints under his mother's surname, *see Castleberry v. Salinas*, 2018 WL 11197803, at *1 (N.D. Ga Dec. 17, 2018); *Castleberry v. United States Gov't*, CV1:18-171 (E.D. Tenn. Jul. 27, 2018), or on behalf of other prisoners, *see Cobble v. Smith*, MC1:20-002

(M.D. Ga. May 13, 2020) (drafted by plaintiff but identifying David Solomon Smith as the plaintiff).

Seven years ago, this Court found plaintiff had accumulated at least three strikes under § 1915(g). *See Cobble v. Owens,* CV613-020, doc. 26, (S.D. Ga. Jun. 10, 2013) *adopting* doc. 23 (Apr. 17, 2013) (denying IFP and dismissing under 28 U.S.C. § 1915(g)). Since then, several other courts, including the Eleventh Circuit and nine other district courts, have reached the same conclusion. *See Cobble v. Comm'r, Ga Dep't. of Corr.*, No. 11-11152-A (11th Cir. Apr. 27, 2020) (order) ("Cobble, as a prisoner, already has filed at least three prior civil actions or appeals that have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. . . ."); *see also Cobble v. All Georgia Supreme Judges*, 2019 WL 9406494 (M.D. Ala. Oct. 28, 2019); (denying motion to proceed IFP and dismissing pursuant to 28 U.S.C. § 1915(g)); *Cobble v. United States Court of Appeals*, CV1:20-1222, doc. 3 (D.D.C. Jun. 5, 2020) (same); *Cobble v. United States District Judges*, CV5:19-3088, doc. 5 (E.D.N.C. Sep. 30, 2019) (same); *Cobble v. State of Georgia*, CV1:19-132, doc. 13 (E.D. Tenn. May 29, 2019) (same); *Cobble v. All 11th Circuit United States Clerks in Atlanta*, CV1:19-223, doc. 6 (N.D.

Ga. Mar. 19, 2019) *adopting* doc. 2 (Jan. 25, 2019) (dismissing pursuant to 28 U.S.C. § 1915(g)); *Cobble v. Neeley*, 2018 WL 10604352 (M.D. Ga. Nov. 1, 2018): (denying motion to proceed IFP and dismissing pursuant to 28 U.S.C. § 1915(g)); *Cobble v. Pearce*, CV4:15-2730, doc. 5 (S.D. Tex. Oct. 29, 2015) (same); *Cobble c. City of Clarksville*, CV2:14-2183, doc. 13 (W.D. Ark. Feb. 5, 2015) *adopting* doc. 10 (Nov. 3, 2014) (same); *Cobble v. City of San Marcos and the Brown School*, CV1:13-705, doc. 5 (W.D. Tex. Aug. 19, 2013) (same).  Even a cursory review reveals several cases to support invoking § 1915(g).  *See Cobble v. Blalock*, 2014 WL 7372835 (D.D.C. Dec. 22, 2014) (dismissed for failure to state a claim); *Cobble v. Suter*, 2013 WL 4581367 (D.D.C. Jul. 10, 2013), *aff'd* 565 Fed. App'x. 1 (D.C. Cir. 2014) (same); *Cobble v. Royal*, 2013 WL 4068184 (M.D. Ga. Aug. 12, 2013) (same); *Cobble v. Bloom*, CV 1:04-1150, doc. 3 (N.D. Ga. May 12, 2004) (dismissed as frivolous); *Cobble v. Ward*, CV1:04-560, doc. 3 (N.D. Ga. Mar. 31, 2004) (same); *Cobble v. Cobb City Police*, CV1:02-2821 (N.D. Ga. Nov. 6, 2002) (dismissed for failure to state a claim).

      The PLRA does provide an exception to § 1915(g) if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is well aware of this exception and has a history of making

fantastical assertions to circumvent his three-strike status. *See Cobble v. All United States District/Magistrate Judges Serving with Court of Montgomery, Alabama*, 2020 WL 2859121 (M.D. Ala. Jun. 2 ,2020) (claiming as imminent dangers: requiring a penis transplant due to a spider bite, requiring a hair transplant due to a bad tuberculous test, being made to listen to pop music, and requiring to be deported because he is of British nobility and has declared war on the United States). To qualify for the exception, a plaintiff must allege more than a speculative or generalized risk. *See Sutton v. Dist. Atty's Office*, 334 F. App'x. 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed.").

To the extent that the complaint is legible, the Court understands that plaintiff alleges that prison conditions place him in "imminent danger

of serious physical injury from corona virus." Doc. 1 at 5. The amendment further alleges that plaintiff's hand was recently broken by another inmate, which was witnessed by prison staff, and that he was told that he would not be given an X-ray for several days. *See* doc. 14 at 1–2. He points to this event as evidence "of future ongoing danger." *Id*. at 2. Such "general assertion[s] [are] insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). It is unclear precisely what risk plaintiff believes is imminent based on the past assault by another prisoner or the delay in conducting an X-ray. Plaintiff's fears that he might contract the coronavirus are also too speculative. *See O'Connor v. Suwannee Corr. Inst.*, 649 F. App'x. 802 (11th Cir. 2016) (fear that surgery would be postponed or that symptoms might lead to cancer was too speculative to be an imminent danger). Though plaintiff has alleged that prison policies might allow for the transmission of the coronavirus, he has not suggested that his contracting COVID-19 and suffering serious effects is imminent. *But cf. Brown*, 387 F.3d at 1350 (risk

of contracting serious disease and infection was an imminent threat of serious physical injury when plaintiff suffered from HIV and hepatitis). Furthermore, considering the complaint in its entirety and plaintiff's history, such allegations point—not to the existence of an imminent threat—but rather to the fact that he is "a seasoned vexatious litigant who has read 28 U.S.C. § 1915(g) and is manipulating it to serve his ends." *Skillern v. Jackson*, 2006 WL 1687752, at *2 (S.D. Ga. Jun. 14, 2006) (internal quotation omitted). As plaintiff has failed to allege an imminent threat of physical injury, he cannot escape § 1915(g) and his motion to proceed IFP should be **DENIED**. Having filed at least three meritless claims, plaintiff "must pay the full filing fee at the time he initiates suit" in order to bring future cases before the Court. Therefore, it is **RECOMMENDED** that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 9th day of November, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA