UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| DANIEL ERIC COBBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV620-100 |
| | ) | |
| U.S. GOVERNMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

The Court issued an Order and Report and Recommendation construing plaintiff's motion for the Court to withdraw funds from a private account as a motion to proceed *in forma pauperis* (IFP) and recommended that IFP status be denied and this case dismissed pursuant to 28 U.S.C. § 1915(g). Doc. 16. Plaintiff, Daniel Cobble, has filed an objection to the Court reconstruing his motion and the recommendation of dismissal. Doc. 28. He has also filed a plethora of other notices and motions. As plaintiff's conduct is abusive of the judicial process, the Court **RECOMMENDS** the imposition of filing restrictions. Upon consideration of plaintiff's contentions regarding alternative payment methods it is clear that the original construction of his request as a request

to proceed IFP was appropriate. For the supplemental reasons explained more fully below, the Court again **RECOMMENDS** that this case be **DISMISSED**.

Plaintiff alleges that "mentally [he] has nothing to do but think of ways to get back at the evil gov[ernment]." Doc. 1 at 10–11. Judging by the volume of his filings, it appears that he has ample time to dedicate to this endeavor. Between his complaint, proposed amendment, and objection to the Court's Report and Recommendation, he has made dozens of allegations, ranging from noises that keep him up at night, *id*. at 10, to the infrequency of haircuts, *id*. at 15. He has also filed 50 motions during a twenty-day period, nearly all of which are transparently frivolous or seek relief that is inappropriate through motions practice or cannot be granted by the Court.[1] Such a deluge of incoherent ramblings amounts to little more than a waste of public resources and an abuse of the judicial process.

---

[1] These include a "motion for court to acknowledge that there are four ways to file a suit," doc. 25; a "motion for court to tell me if yall [sic] got all five of my different lawsuits and if so whats [sic] civil case number," doc. 37; a "motion to file this suit under the Emolument [sic] clause of the U.S. Constitution," doc 40; a "motion for the court to compel the U.S. government to replace all my legal properties, doc. 54; and a "motion to pull filer fees out of my COVID-19 tax refund," doc. 56.

His abusive practices are not limited to this case, nor this Court. A search of the Public Access to Court Records (PACER) database reveals more than 100 filings under the name "Daniel Eric Cobble" or "Daniel Castleberry."[2] Though the majority of these filings have been before the federal courts in Georgia, where Cobble is incarcerated, he has also filed cases in eight districts outside of the state. *See Cobble v. United States Attorney General, Current and Future*, CV2:19-416 (M.D. Ala. Jun. 14, 2019) (dismissed pursuant to 28 US.C. §1915(g)); *Cobble v. City of Clarksville, et al.*, CV 2:14-2183 (W.D. Ark. Aug. 26, 2014) (dismissed pursuant to 28 US.C. §1915(g)) (originally filed in the Eastern District of Arkansas, *Cobble v. City of Clarksville, et al.*, CV4:14-490 (E.D. Ark. Aug. 21, 2014)); *Cobble v. United States Attorney General*, CV1:19-518 (D. Colo. Feb. 21, 2019) (dismissed for failure to comply with Court order requiring plaintiff remit the necessary filing fee and submit a legible pleading using the appropriate form); *Cobble v. United States Court of Appeals, et al.*, CV1:20-1222 (D.D.C. May 8, 2020) (dismissed pursuant to 28 U.S.C. §1915(g)); *Cobble v. United States District Judges*, CT5:19-3088 (E.D.N.C.

---

[2] A search was conducted on November 23, 2020.

Apr. 1, 2019) (dismissed pursuant to 28 US.C. §1915(g)); *Cobble v. The State of Georgia*, CV1:19-132 (E.D. Tenn. May 2, 2019) (dismissed pursuant to 28 US.C. §1915(g) and referring case to Chief Judge of the district to consider filing restrictions); *Cobble v. Pearce, et al.*, CV4:15-2730 (S.D. Tex. Sep. 17, 2015) (dismissed pursuant to 28 U.S.C. §1915(g)); *Cobble v. City of San Marcos, Texas, et al.*, CV1:13-705 (W.D. Tex. Aug 15, 2013) (dismissed pursuant to 28 US.C. §1915(g)).  His abusive nature has also been noted in at least one criminal case. *See United States v. Cobble*, CR5:14-077, doc. 761 at 2 (M.D. Ga. Aug. 18, 2020) (requiring that all filings be made by standby counsel "[b]ecause of [Cobble's] abuse of the legal process with his multitude of frivolous filings.").

The Middle District of Georgia has found it necessary to impose restrictions on Cobble's continued frivolous litigation. *See Cobble v. Neely*, 2019 WL10303649, at *3–4 (M.D. Ga. Jan. 31, 2019) (imposing a two-year filing restriction). This restriction was recently upheld by the Eleventh Circuit. *Cobble v. United States Government*, 816 F. App'x. 355, 359–60 (11th Cir. 2020). At least one other district has weighed similar sanctions. *See In re Cobble*, MC3:19-023, doc. 1 (E.D. Tenn. Jun. 6, 2019) (warning Cobble that should he continue to file frivolous motions, complaints, or

other pleadings, the Court will exercise its authority to restrict [him] from filing any document without first seeking and receiving approval by the Court.). Considering Cobble's litigation history and his conduct in this case to date, filing restrictions are appropriate in this district.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986) (*en banc*). As plaintiff has demonstrated himself to be an abuser of the federal judicial system, the Court recommends that the following enumerated filing restrictions be applied in all pending and future cases in this district:

1. Any future filings brought *in forma pauperis* (IFP) must be verified and submitted under penalty of perjury. They must include Cobble's signature and the language: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746. A copy of this Supplemental Report and Recommendation and any order adopting it must accompany the filing. Plaintiff must submit an affidavit in each of his currently

pending cases attesting to the veracity of the complaint and including the above language.[3]

2. In any future civil action commenced by Cobble IFP, the Clerk shall receive the papers, open a miscellaneous file for tracking purposes, and forward the papers to the presiding judge in this case for screening under § 1915(g).  Only if the complaint alleges a plausible claim that he is in imminent danger of serious physical harm will the Court allow the complaint to be filed.  IFP complaints that fail to assert an imminent danger claim, or that merely incant the phrase "imminent danger" without making a colorable showing that plaintiff faces an actual threat of such harm, will be dismissed without any further judicial action after 30 days from the date the complaint is received by the Clerk unless the Court orders otherwise.  This automatic dismissal of claims that do not pass muster under § 1915(g) "will reduce the burden of paper-moving and explanation-writing, conserving a

---

[3] Plaintiff is reminded that liars may be prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (28 U.S.C. § 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

little judicial time for litigants who deserve attention." *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (Easterbrook, J.).

Thus, although the Court will read and consider any future complaint that Cobble endeavors to file IFP, it will not necessarily enter an order addressing that complaint. If no order is forthcoming, then 30 days after the complaint's receipt the Clerk shall, without awaiting any further direction, notify Cobble that his request for IFP status has been denied and that his case has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). The Clerk shall not docket any further motions or papers in that case except for a notice of appeal. If a notice of appeal is filed, the Clerk shall forward a copy of this Order, the notice of appeal, and the dismissed complaint to the Court of Appeals.

3. To ensure that all future pleadings Cobble files are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints are immediately assigned and forwarded to the presiding district judge in this case,

   regardless of which divisional clerk's office received and docketed the papers.

4. Cobble may file a motion to modify or rescind the order imposing these restrictions no earlier than two years from the date of its entry.

5. These filing restrictions do not apply to any criminal case in which Cobble is named as a defendant, or to any proper application for a writ of habeas corpus.

6. A copy of the order imposing these restrictions shall be forwarded to each judicial officer in this District.

In regard to Cobble's pending claims, the alternatives to the Court's previous construction of his request do nothing to alter the recommendation. As explained below, it is again **RECOMMENDED** that they be **DISMISSED** as he has failed to pay his filing fee and is barred from proceeding IFP under 28 U.S.C. § 1915(g). Despite plaintiff's contention, there are only two avenues of filing a civil complaint, by paying the necessary filing fee or having it waived through a grant of IFP status. *Contra* doc. 25 (seeking the Court to acknowledge that plaintiff may file without the prepayment of a filing fee under the Emoluments Clause or

by ordering money moved from an external account).  Plaintiff seems to be under the misconception that he can simply grant power of attorney to the Court to withdraw the funds from a Georgia Department of Revenue account or his CARES Act stimulus payment.  *See* doc. 28 at 1; doc. 56.  The Court also cannot "call a fed[eral] civil rights attorney in Gwinnett County that's a young white woman [and] costs $17,000 and tell her where [plaintiff's] money is and tell her to go get [his] money to hire her with it."  Doc. 28 at 22.  Though plaintiff is free to authorize another person to withdraw funds and pay his fee, the Court cannot act on his behalf.[4]

Plaintiff's failure to timely remit his filing fee warrants the termination of this case; however, as plaintiff is acting *pro se*, the Court will consider whether he may proceed IFP,[5] in an effort to potentially

---

[4] Plaintiff has previously been advised that the Court cannot assist him in accessing funds for his legal costs.  *See United States v. Cobble*, CR5:14-077, doc. 761 at 3 (M.D. Ga. Aug. 18, 2020) ("The Court is also unaware of any authority requiring (or authorizing for that matter) the Court to assist a defendant to pursue funds to which he may or may not be entitled so that he can hire counsel of his choice.").  Furthermore, there is no mechanism for granting power of attorney to the Court, which has no capacity to act in such a role.  Even if a mechanism did exist, such a grant would create an irreconcilable conflict of interest as it would require the Court to act on behalf of a party it must impartially adjudicate.

[5] Setting aside the implications of terminology, i*n forma pauperis* status is a waiver of fees by the Court, not a determination of indigency.  The Court may grant IFP status to a party who might physically possess resources but cannot access them.

salvage some or all of the claims.[6] Unfortunately for plaintiff, as was discussed in the Court's Report and Recommendation, doc. 16 at 3–8, he has accumulated three strikes under the Prison Litigation Reform Act (PLRA) and is barred from proceeding without paying a filing fee except where alleging an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has objected to the application of § 1915(g) because he has previously been determined incompetent. Doc. 28 at 12. He has offered no support, and the Court is independently aware of none, for the belief that the judicial tolerance for meritless litigation is dependent on a litigant's competence. Additionally, plaintiff fails to acknowledge that the same court that found him to be incompetent later determined him competent to stand trial.[7] *United States v. Cobble*, CR5:14-077, doc 251 (M.D. Ga. Jul. 16, 2018).

---

[6] Plaintiff's objection to proceeding IFP appears to stem from his belief that in paying his filing fee, he can avoid the possibility of early dismissal under the PLRA. *See* doc. 28 at 5 ("Since I'm trying to pay filer fees then 28 U.S.C. [§] 1915 is moot."). Though plaintiff is correct that payment of the filing fee would prevent immediate dismal under 28 U.S.C. § 1915(g), he would remain subject to 28 U.S.C. § 1915A, which requires the dismissal of a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A.

[7] Plaintiff, in fact, has acknowledged that the court deemed him competent. *See United States v. Cobble*, CR5:14-077, doc 378 (M.D. Ga. Jul. 27, 2018) ("Motion for court to

He has also suggested that three of the cases considered as strikes were wrongfully decided. Doc. 28 at 7–8. The Court presumes that plaintiff is referring to the cases cited by this Court when it dismissed his prior complaint in 2013—*Cobble v. Cobb Cnty. Police*, CV1:02-2821 (N.D Ga. Nov. 7, 2002) (dismissed for failure to state a claim upon which relief could be granted); *Cobble v. Ward*, CV1:04-560 (N.D. Ga. Mar. 31, 2004) (dismissed as frivolous); and *Cobble v. Bloom*, CV1:04-1150 (N.D. Ga. May 13, 2004) (dismissed as frivolous).[8] *Cobble v. Owens*, CV6:13-020, doc. 23 at 2 (S.D. Ga. Apr. 17, 2013). Plaintiff does not address the multiple other cases identified in the Court's Report and Recommendation that qualify as strikes. Ultimately, it is not necessary to parse plaintiff's voluminous litigation history, as the Eleventh Circuit has confirmed Cobble's status as a three-striker. *See Cobble v. Comm'r, Ga. Dep't. of Corr.*, No. 11-11152

---

acknowledge fact my war declaration against all governments in this one country is now legitimate as of 07/16/18 once Judge Land ruled me competent").

[8] Cobble alleges that two of the 2004 cases were improperly dismissed because judges are not immune from civil suit. This contention ignores that only one of the 2004 cases was dismissed based on immunity. *See Cobble v. Bloom*, CV1:04-1150 (N.D. Ga. May 13, 2004) (dismissed as frivolous because judge and prosecutor were entitled to absolute immunity). The other was dismissed because plaintiff sought relief unavailable through the Court, specifically the initiation of criminal investigations and prosecutions against his mother. *Cobble v. Ward*, CV1:04-560, doc. 3 (N.D. Ga. Mar. 31, 2004).

(11th Cir. Apr. 27, 2020) (order) ("Cobble, as a prisoner, already has filed at least three prior civil actions or appeals that have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. . . ."). Therefore, 28 U.S.C. § 1915(g) applies to Cobble's IFP cases.

The PLRA does recognize an exception to § 1915(g)'s bar for cases in which a plaintiff alleges an actual "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This requires a "genuine emergenc[y]" where (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff must allege particularized facts that describe "an ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. Appx. 278, 279 (11th Cir. 2009) (quoting *Brown*, 387 F.3d at 1350).

As might be expected of someone with plaintiff's litigation history, he now alleges multiple imminent threats, most of which are unsubstantiated and unrelated to the underlying claims, such as an unwillingness to "fix" his penis threating his ability to have sex or to sire

children, an unwillingness to "replace" his hair presenting a risk of sexual assault, and the denial of permanent protective custody at all detention facilities risking his safety. Doc. 28 at 11. The Court has identified only two allegations of imminent danger—the denial of adequate protections against COVID-19 and the failure to protect against injury from other inmates—that have been sufficiently presented.

Plaintiff alleges that prison officials are trying to intentionally kill prisoners by creating conditions that encourage the spread of COVID-19, creating an imminent risk. Doc. 28 at 2, 5. He specifically points to: (1) a lack of cleaning supplies for cells, (2) a lack of insect and rodent control chemicals, (3) a denial of new linens and clothing, (4) open windows, (5) a failure to evacuate prisoners from cells during a fire, (6) insufficient food, (7) a lack of hygiene supplies, (8) an inability to flush his toilet, (9) trash not regularly collected from a common room, and (10) a lack of social distancing. *See* doc. 1 at 6–13; doc. 28 at 1–3. He has provided no additional details in support of these allegations and it is difficult to intuit how some of these complaints relate to the spread of a disease. This shotgun style of listing various complaints related to the prison conditions falls short of the articulating the specific and particularized risk of

imminent harm necessary overcome § 1915(g). *See Sutton v. Dist. Atty's Office*, 334 F. App'x. 278, 279 (11th Cir. 2009) (general assertions of risk are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." (internal quotation omitted)); *see also Abdullah v. Migoya*, 955 F.Supp.2d 1300, 1307 (S.D. Fla. 2013) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Furthermore, even if prison conditions might permit the transmission of the virus, plaintiff has failed to allege that his contracting COVID-19 and suffering serious effects is imminent. *But cf., Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (risk of contracting serious disease and infection was an imminent threat of serious physical injury when plaintiff suffered from HIV and hepatitis). Therefore, his claim challenging the conditions of his confinement fail to establish any exception to § 1915(g)'s three-strikes bar.

The remaining claim of imminent danger relates to the risk of injury created by the failure of prison officials protect plaintiff from his roommate. As an initial matter, it is unclear from the filings if plaintiff

has actually advanced a failure to protect claim based on dangers posed by other inmates. The first reference to such danger was raised in his motion to amend, in which he alleged that prison officials engaged in a corrupt practice to allow his roommate to possess metal weapons and that his roommate breaking his hand necessitated the Court order additional resources and privileges. Doc. 14. If plaintiff did not intend to advance this failure to protect claim as a cause of cause, it cannot now be used to escape § 1915(g). *See Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009) ("§ 1915(g) allows a three-strikes litigant to proceed IFP only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges."). Despite the plausible inference that Cobble is attempting to manipulate the exception, as he is proceeding *pro se*, the Court is obligated to charitably construe his amendment to have raised this claim.

Plaintiff's allegations that prison officials took no action after his roommate recently broke his hand with a mop handle and some officials are aware that his roommate possesses metal weapons do not amount to an imminent danger. Doc. 14 at 1–4.; doc. 28 at 4. Plaintiff has not alleged that his roommate has threatened future violence, nor has he indicated a

pattern of violence. His complaint is essentially that his roommate has injured him in past and has the purely hypothetical potential to do so in the future. This is not an imminent threat sufficient to overcome § 1915(g).

Accordingly, it is **RECOMMENDED** that the above enumerated filing restrictions be imposed upon Cobble in all currently pending and future filings in this district. It is further **RECOMMENDED** that this case be **DISMISSED** as he has failed to pay the required filing fee and is barred from proceeding IFP. This supplemental report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R, the earlier R&R (doc. 16) and any objections to the assigned district

judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 3rd day of December, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA