IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, | |
| Plaintiff, | CIVIL ACTION NO.: 6:20-cv-100 |
| v. | |
| U.S. GOVERNMENT, GEORGIA DEPT. OF CORRECTIONS, GDC COMMISSIONER, WARDEN TREVONZE BOBBIT, and JAVACA JOHNSON, | |
| Defendants. | |

**O R D E R**

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's November 9, 2020, Report and Recommendation, (doc. 16), and December 3, 2020, Supplemental Report and Recommendation, (doc. 57). Plaintiff filed an objection to the original Report and Recommendation, (doc. 28), but has not filed an objection to the supplement. Instead, he has filed a premature motion to reopen the case. (Doc. 60). Affording plaintiff, as a pro se litigant, a degree of leniency, the Court will construe the premature motion as an objection to the Supplemental Report and Recommendation. For the following reasons, the Court **ADOPTS** the Report and Recommendation and the Supplement as its opinion.

Civil lawsuits before the federal courts require plaintiffs to remit a filing fee or to receive a waiver of such fee.[1]  28 U.S.C. §§ 1914, 1915. Plaintiff has not remitted a filing fee but,

---

[1] Plaintiff has argued for a third means of initiating a case pursuant to the Emoluments Clause of the Constitution. (See doc 40). He is under the incorrect belief that by claiming descent from British nobility, he is immune from the assessment of any type of fee or penalty by the United States government. (Id.). The Emoluments Clause prohibits government officials from receiving gifts or benefits from a foreign government. U.S. Const. Art. I, §9, cl. 4 ("No title of nobility shall be granted by the United States: and

instead, has requested the Court to garnish a Georgia Department of Revenue unclaimed property account that, he claims, holds sufficient funds to cover the fee. (Doc. 2.). He has also asked the Court to take the funds from a recent CARES Act, 28 U.S.C. § 6428, economic impact payment. (Doc. 56). Cobble has proposed two methods by which the Court could secure the funds from those sources. The first is that he might grant the Court power of attorney to withdraw the funds on his behalf. (See, doc. 28). The second is that the Court can contact "a fed[eral] civil rights attorney in Gwinnett County that's a young white woman [and] costs $17,000" to obtain the money and represent Cobble in this case. Neither of these proposals is tenable. As Cobble has been previously advised by another court, and as the Magistrate Judge reiterated, the Court cannot act on his behalf to acquire funds or to hire counsel in furtherance of litigation. (See doc. 57 at 8–9; see also United States v. Cobble, CR5:14-077, doc. 761 at 3 (M.D. Ga. Aug. 18, 2020)). To do so would create an irreconcilable conflict of interest.

  As plaintiff has not remitted the necessary filing fee, dismissal of this case is appropriate. The Magistrate Judge, however, entertained the possibility that Cobble's request to garnish his government held funds is similar to the provisions of 28 U.S.C. § 1915(b) and might be read as a motion to proceed in forma pauperis (IFP), providing an avenue through which the claim could survive. (See doc. 16 at 2–3). A motion to proceed IFP is, in essence, a request for the Court to waive its normal filing fee requirements in light of a litigant's inability to make payment. Even though Cobble attests that he is not technically indigent, IFP status may be appropriate as he is

---

no person holding any office of profit or trust under them, shall, without the consent of the Congress, accept of any present, emolument, office, or title, of any kind whatever, from any king, prince, or foreign state."). This Clause does not prohibit the Courts, or any other federal department or agency, from assessing routine fees because of citizenship, ancestry, or foreign titles. Even recognized foreign heads of state and government would be required to pay a fee when filing in this Court. Plaintiff is no exception.

unable to access his monetary resources in order to remit payment.[2]  See, e.g., Rowell v. Richardson, 2015 WL 13880306, at *1 (E.D. Wis. Nov. 18, 2015) (IFP status was granted despite plaining possessing nearly $1,000 in a release account that he was unable to access during his incarceration).  Even under this charitable approach, dismissal is appropriate because Cobble is barred from proceeding IFP due to his history of meritless filings.

Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, a prisoner is precluded from proceeding with a civil claim IFP if he or she has on at least three prior occasions, while detained, had civil cases dismissed as frivolous, malicious or having failed to state a claim on which relief could be granted.  28 U.S.C. § 1915(g).  As the Magistrate Judge noted, several courts, including this Court and the Eleventh Circuit, have found that Cobble has accumulated at least three strikes under § 1915(g).[3]  (Doc. 16 at 4–5 (discussing cases)).

The Magistrate Judge identified six prior cases that qualify as strikes under § 1915(g). (Doc. 16 at 5 (listing cases)).  In his objection, Cobble alleges that three of these cases were improperly characterized.  (Doc. 28 at 7–8).  It is unclear to which specific cases he refers, though the context of the objection suggests that he means Cobble v. Cobb Cnty. Police, CV1:02-2821 (N.D Ga. Nov. 7, 2002) (dismissed for failure to state a claim upon which relief could be granted); Cobble v. Ward, CV1:04-560 (N.D. Ga. Mar. 31, 2004) (dismissed as frivolous); and Cobble v. Bloom, CV1:04-1150 (N.D. Ga. May 13, 2004) (dismissed as frivolous).  The substance of his objections is also unclear, as he offers nothing more than short conclusory statements.  (Id.).  The Magistrate Judge chose not to consider these cases in detail, as the

---

[2]  This position is somewhat incongruous with Cobble's motion to compel the government to provide indigent goods.  (Doc. 48).

[3]  The Magistrate Judge also identified past instances that suggest plaintiff has previously attempted to circumvent this restriction.  (Doc. 16 at 3–4 (discussing cases filed under a different name or on behalf of another prisoner)).

3

Eleventh Circuit has already confirmed Cobble's three-strike status and he failed to address the three other cases identified as potential strikes. For the sake of completeness, the Court will now address these objections.

In <u>Cobble v. Cobb Cnty. Police</u>, Cobble brought a civil action against the Cobb County Police Department, five police officers, and two state magistrate judges alleging that he was not granted an initial appearance within 72 hours of his arrest and that the magistrate judge added additional charges at a probable cause hearing. <u>Cobble v. Cobb Cnty. Police</u>, CV1:02-2821, doc. 1 (N.D Ga. Oct. 15, 2002). Cobble acknowledged at the time of his complaint that he was indicted on the additional charges. (<u>Id</u>. at 4). The Northern District of Georgia dismissed the complaint for failure to state a claim, finding that it was precluded by the doctrine of <u>Younger</u> abstention and barred by the holding in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). <u>Cobble v. Cobb Cnty. Police</u>, CV1:02-2821, doc. 3 (N.D Ga. Nov. 6, 2002).

Cobble now argues that the dismissal was improper because he had "already beat all arrest charges." (Doc. 28 at 7). He provides no explanation as to how he might have prevailed in his criminal case in advance of the district court's dismissal of his civil case. In fact, the assertion is conflicts with the case record, which includes a letter dated one week after the court's judgment in which Cobble identifies himself as an inmate and fails to assert that his criminal charges are no longer pending, instead asking the court how he might state a claim in order for the court to reverse its decision. <u>Cobble v. Cobb Cnty. Police</u>, CV1:02-2821, doc. 5 (N.D Ga. Nov. 14, 2002). He also filed what he captioned as an extraordinary motion for a new trial more than a decade after the original case was dismissed in which he alleged that he was unaware that his attorney had entered a plea of innocence by virtue of insanity on his behalf. <u>Cobble v. Cobb Cnty. Police</u>, CV1:02-2821, doc. 10 (N.D Ga. Jun. 24, 2013). This motion, which was denied, does not

evidence an outcome in the criminal prosecution in Cobble's favor. Cobble v. Cobb Cnty. Police, CV1:02-2821, doc. 17 (N.D Ga. Aug. 1, 2013). As Cobble has not demonstrated that the district court's original dismissal of this case for failure to state a claim was improper, it qualifies as a strike for purposes of 28 U.S.C. § 1915(g).[4]

In Cobble v. Ward, Cobble brought a claim against various police officers for failing to adequately investigate allegations that his mother had forged tax filings and checks. Cobble v. Ward, CV1:04560, doc. 1 (N.D. Ga. Feb. 27, 2004). He requested that the court initiate a criminal investigation, arrest his mother and the defendant police officers, and order his release. (Id.). The Northern District of Georgia dismissed the claim for seeking relief that could not be granted. Cobble v. Ward, CV1:04-560, doc. 3 (N.D. Ga. Mar. 31, 2004). Cobble misconstrues this dismissal in his objection, which he frames as based on judicial immunity. (Doc. 28 at 8). As his objection does not pertain to the actual disposition of the case, it qualifies as a strike.

In Cobble v. Bloom, Cobble brought suit against two judges and an assistant district attorney based on not being offered bail. Cobble v. Bloom, CV1:04-1150, doc. 1 (N.D. Ga. Apr. 26, 2004). The Northern District of Georgia dismissed the case as frivolous based on the judges and prosecutor enjoying immunity from suit. Cobble v. Bloom, CV1:04-1150, doc. 3 (N.D. GA. May 12, 2004). Cobble objects to this case counting as a strike as he holds the mistaken belief that judges are not immune from suit for acts taken in the course of their judicial function. (Doc. 28 at 8). He cites to the case Garcetti v. Ceballos, 547 U.S. 410 (2006), in support of his view. This case, however, dealt with whether the First Amendment restricts a public employer's ability to discipline employees for statements made pursuant to their official duties, not the immunity of

---

[4] Cobble also filed an untimely appeal of the dismissal with the Eleventh Circuit, which was denied as frivolous. Cobble v. Cobb Cnty. Police, No. 13-13016 (11th Cir. Mar. 26, 2014) (dismissal of appeal). This would also constitute a strike for purposes of 28 U.S.C. § 1915(g).

judges or prosecutors from civil suit. See generally, Garcetti v. Ceballos, 547 U.S. 410 (2006). As Cobble has not established that Cobble v. Bloom was improperly dismissed as frivolous, the case qualifies as a strike.

Cobble's objection also suggests that he should not be subject to § 1915(g) restrictions because he has been previously deemed incompetent in a judicial proceeding. Doc. 28 at 12. It is not clear if he believes the incompetency determination invalidates the cases characterized as strikes, the majority of which predate the 2017 incompetency determination, see United States v. Cobble, CR5:14-077, doc 173 (M.D. Ga. Jul. 16, 2018), or if he believes that it operates as a unenumerated exception. Cobble has offered no authority in support of either theory, and the Court is aware of none. Furthermore, as the Magistrate Judge noted, Cobble's claim of incompetency is disingenuous, as the same court that declared him incompetent later reversed its determination, United States v. Cobble, CR5:14-077, doc 251 (M.D. Ga. Jul. 16, 2018); a fact that he has previously acknowledged, United States v. Cobble, CR5:14-077, doc 378 (M.D. Ga. Jul. 27, 2018) ("Motion for court to acknowledge fact my war declaration against all governments in this one country is now legitimate as of 07/16/18 once Judge Land ruled me competent").

Though Cobble cannot avoid § 1915(g) through claims of incompetency, the statute does recognize a single exception for litigants in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Cobble alleges two potential sources of imminent danger, the risk of the COVID-19 virus in the prison and the risk of injury from other inmates. Both of which were considered by the Magistrate Judge and deemed inadequate. (Doc. 57 at 12–16).

Cobble's allegations relating to the risk of contracting COVID lack the particularity and imminence need for a § 1915(g) exception. As the Magistrate observed, the complaint contains a series of disparate concerns related to prison conditions and hygiene but does not articulate how

these conclusory allegations indicate an increased risk of viral transmission. (Doc. 57 at 13–14). Such unparticularized allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Sutton v. Dist. Atty's Office, 334 F. App'x. 278, 279 (11th Cir. 2009) (internal quotations omitted); see also, O'Connor v. Suwannee Corr. Inst., 649 F. App'x. 802 (11th Cir. 2016) (concluding that imminent danger did not exist where "[plaintiff's] fears that his surgery might be delayed or his symptoms would lead to cancer were speculative and not factually supported."). There is no indication that Cobble has any existing condition or malady that might make contracting COVID more imminent than it would be for the average prisoner. Cf. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (risk of contracting serious disease and infection was an imminent threat of serious physical injury when plaintiff suffered from HIV and hepatitis).

Cobble also alleges that he is at risk of imminent physical danger from other inmates. The confusing nature of Cobble's initial complaint makes it difficult to discern if this threat was initially pleaded. If it was not, he cannot assert it now for the purpose of avoiding § 1915(g). See Pettus v. Morgenthau, 554 F.3d 293, 298 (2d Cir. 2009) ("§ 1915(g) allows a three-strikes litigant to proceed IFP only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges."); (doc. 28 at 5 (confirming that Cobble's only claim relates to COVID risk)). Even if these claims were properly pleaded, they do not sufficiently allege an imminent injury.

Cobble identifies an assault by his roommate shortly after the filing of this case that resulted in the breaking of his hand. Doc. 14 at 1–4.; doc. 28 at 4. In his objection to the Supplemental Report and Recommendation, he claims that other inmates possess "1 feet [sic] long thick steel

knives" and drugs. (Doc. 60 at 2). He also alleges that he learned from the news that three of the defendants to one of his multitudinous lawsuits—he does not specify which case—were recently arrested for assault. (Id. at 1). He also complains about having a cellmate against his will, the number of prison guards on duty, inadequate food, a chemical smell that makes people "wig out," the refusal of other inmates to receive a COVID-19 vaccine, and other inmates dying from various causes. (Id. at 1–3). He has not pointed to a concrete, future threat against his safety and the threats that he has alleged are too speculative to qualify as imminent. Sutton, 334 F. App'x. at 279. As plaintiff has failed to establish a risk of imminent physical injury, his ability to proceed *in forma pauperis* is barred by 28 U.S.C. § 1915(g). Therefore, his claim is **DISMISSED** for failure to remit the necessary filing fee.

The Magistrate Judge, in his Supplemental Report and Recommendation, found Cobble's behavior in this case to be abusive of the judicial process and recommended that filing restrictions be imposed to prevent future vexatious litigation. (Doc. 57 at 2–8). This view of Cobble's behavior is shared by other courts, with the Middle District of Georgia having previously imposed restrictions, See Cobble v. Neely, 2019 WL10303649, at *3–4 (M.D. Ga. Jan. 31, 2019) (imposing a two-year filing restriction), affirmed by Cobble v. United States Government, 816 F. App'x. 355, 359–60 (11th Cir. 2020), and the Eastern District of Tennessee having considered a similar approach, In re: Cobble, MC3:19-023, doc. 1 (E.D. Tenn. Jun. 6, 2019) ("should he continue to file frivolous motions, complaints, or other pleadings, the Court will exercise its authority to restrict [him] from filing any document without first seeking and receiving approval by the Court.").

As the Magistrate Judge noted, Cobble has filed more than one hundred cases during his incarceration, in at least eleven federal districts. (Doc. 57). In this case, he has filed more than

50 motions and notices—the majority of which are transparently frivolous, if not non-sensical—prior to service of the complaint.  He has also repeatedly demonstrated a lack of civility and respect toward the Court.  (See, e.g., doc. 28 at 7 (referring the Court as "idiots" that lie about his name); doc. 60 at 2 (alleging that he is at risk because the Court "chose[] to sit on its ass.")).

As Cobble has failed to respond to the recommendation, the Court is skeptical that imposing filing restrictions will stem the tide of his abusive filings.  Regardless, his behavior warrants that restrictions be imposed.  Procup v. Strickland, 792 F.2d 1069, 1073–74 (11th Cir. 1986) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").  The Court **ADOPTS** the Magistrate Judges recommendation and **IMPOSES** the following enumerated restrictions on all pending and future cases brought in this district by Cobble:[5]

1. Any future filings brought in forma pauperis (IFP) must be verified and submitted under penalty of perjury. They must include Cobble's signature and the language: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)."  28 U.S.C. § 1746.  A copy of this Order and the Supplemental Report and Recommendation must accompany the filing.  Plaintiff must submit an affidavit in each of his currently pending cases attesting to the veracity of the complaint and including the above language.[6]

---

[5]  The Court notes Cobble's past practice of filing cases under the name "Castleberry."  See Castleberry v. Salinas, 2018 WL 11197803, at *1 (N.D. Ga Dec. 17, 2018); Castleberry v. United States Gov't, CV1:18-171 (E.D. Tenn. Jul. 27, 2018).  For the sake of clarity, these restrictions apply to cases filed by Cobble under any name.

[6]  The Court reminds Plaintiff that liars may be prosecuted. See United States v. Dickerson, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (28 U.S.C. § 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); id., doc. 47 (guilty verdict), cited in Colony Ins. Co. v. 9400 Abercorn, LLC, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

2. In any future civil action commenced by Cobble IFP, the Clerk shall receive the papers, open a miscellaneous file for tracking purposes, and forward the papers to the presiding judge in this case for screening under § 1915(g).  Only if the complaint alleges a plausible claim that he is in imminent danger of serious physical harm will the Court allow the complaint to be filed.  IFP complaints that fail to assert an imminent danger claim, or that merely incant the phrase "imminent danger" without making a colorable showing that plaintiff faces an actual threat of such harm, will be dismissed without any further judicial action after 30 days from the date the complaint is received by the Clerk unless the Court orders otherwise.  This automatic dismissal of claims that do not pass muster under § 1915(g) "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention."  Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997) (Easterbrook, J.).

   Thus, although the Court will read and consider any future complaint that Cobble endeavors to file IFP, it will not necessarily enter an order addressing that complaint.  If no order is forthcoming, then 30 days after the complaint's receipt the Clerk shall, without awaiting any further direction, notify Cobble that his request for IFP status has been denied and that his case has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  The Clerk shall not docket any further motions or papers in that case except for a notice of appeal.  If a notice of appeal is filed, the Clerk shall forward a copy of this Order, the notice of appeal, and the dismissed complaint to the Court of Appeals.

3. To ensure that all future pleadings Cobble files are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints are immediately assigned and

forwarded to the presiding district judge in this case, regardless of which divisional clerk's office received and docketed the papers.

4. Cobble may file a motion to modify or rescind the order imposing these restrictions no earlier than two years from the date of its entry.

5. These filing restrictions do not apply to any criminal case in which Cobble is named as a defendant, or to any proper application for a writ of habeas corpus.

6. A copy of the order imposing these restrictions shall be forwarded to each judicial officer in this District.

Accordingly, the Court **ADOPTS** the Report and Recommendation, (doc. 16), and the Supplemental Report and Recommendation, (doc. 57), as its opinion. The Court **DISMISSES** this case and **TERMINATES** all pending motions **as moot**. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case. The Court further **ORDERS** that the above described filing restrictions be **IMPOSED** in all pending and future cases filed by Daniel Cobble in this district.

**SO ORDERED**, this 31st day of March, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA